REQUESTED BY: Senator Ernie Chambers Eighty-seventh Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Chambers:
In a recent letter to this office you asked if the City of Omaha may use its power of eminent domain to purchase or acquire privately owned real estate which will then be turned over to a corporation which is organized for charitable, educational and religious purposes. Subsequent thereto, you provided this office with a packet of information which contains five numbered pages, which may be cursory described as follows:
A. Pages 1 and 2 are photo copies of a letter addressed to a certain person from the Housing and Community Development Department of the City of Omaha. This letter advises the addressee that certain property, which the addressee is the owner, is included in the Long School Neighborhood Redevelopment Plan and will be acquired this year.
B. Page 3 is a photo copy of a letter, with a uniform purchase agreement (page 4) attached, whereby a certain realtor advises the addressee that Father Flanagan's Boys Home is willing to purchase the above described property for a certain price.
C. Page 5 is a photo copy of your request letter.
The above described documents are helpful for an understanding of this aspect of the law. The documents indicate, for example, that the City of Omaha is proceeding in this matter pursuant to the Community Development Law, Neb.Rev.Stat. §§ 18-2101 to 18-2144 (Reissue 1977) as amended. In enacting this law, the Legislature found that there exist in cities and villages of this state areas which have deteriorated and become substandard and blighted. It further found that these conditions are beyond remedy and control solely by regulatory process in the exercise of the police power and cannot be dealt with effectively by the ordinary operations of private enterprise without the aids provided by this law. See, Neb.Rev.Stat. § 18-2102 (Reissue 1977).
In addition to examining the above described documents we have done a considerable amount of independent investigation. That investigation discloses that the Housing and Community Development Department of the City of Omaha has drafted, pursuant to the Community Development Law, what has become known as the Long Neighborhood Redevelopment Plan (hereinafter, `Plan') which covers approximately a 16 square block `substandard and blighted' area in North Omaha.
The Plan, which was approved by the Omaha City Council on December 9, 1980, calls for redevelopment of the area. It is anticipated that it will improve the residential integrity of the neighborhood, decrease the amount of vacant, unmaintained land, and provide a method by which certain existing housing can be preserved. Pursuant to the Plan, all occupied properties are to be acquired by a private developer. The City of Omaha would use its acquisition ability to assemble vacant properties, some of which the true owner is apparently unknown. The acquisition of these properties, pursuant to the Plan, is to be financed by a fund established by a private developer.
To implement the Plan, a Request for Proposals was subsequently advertised, calling for proposals to be submitted by January 7, 1981. One proposal, that of the Boy's Town Urban Program, was received. The Selection Committee, composed of the Directors of the Finance, HCD, Planning, and Parks and Recreation Departments, the City Attorney, and a representative of the Mayor's Office, met on January 8, 1981, to evaluate the proposal. The Committee found the Proposal to be substantially consistent with the Plan and the Request for Proposals and voted unanimously to recommend its approval to the City Council. It was accepted. To carry out its duties under the Plan, Father Flanagan's Boys' Home has acquired, through negotiation, many of the occupied properties. It has also assisted many of the former owners of these properties to relocate. To carry out its duties under the Plan, the City of Omaha has acquired, through negotiation, some of the vacant properties. If it is unable to acquire all the vacant properties described in the Plan by negotiation, the City of Omaha has statutory authority to use its power of eminent domain to acquire such property. Neb.Rev.Stat. § 18-2122 (Reissue 1977). It also has statutory authority to sell such property by negotiation at fair value after inviting proposals by notices in a legal newspaper. Neb.Rev.Stat. § 18-2118 (Supp. 1980) and Neb.Rev.Stat. § 18-2119 (Reissue 1977). It also has discretion to dispose of such property to private redevelopers for redevelopment `under such reasonable competitive bidding procedures as it shall prescribe.' Neb.Rev.Stat. § 18-2119 (Reissue 1977). In either case, the redeveloper, whether it be an individual, an association, a religious or a non-religious corporation, is not getting a gift of public property because it must pay the fair value of such property. The State of Missouri has very similar statutes. In 64th Street Residences,Inc. v. City of New York, 4 N.Y.2d 268,174 N.Y.S.2d 1, 150 N.E.2d 396 (1958), cited with approval inKintzele v. City of St. Louis, 347 S.W.2d 695, 700 (Mo. 1961), the Court pointed out: `[S]ince this sale is an exchange of considerations and not a gift or subsidy, no `aid to religion' is involved and a religious corporation cannot be excluded from bidding.' We are therefore of the opinion that the City of Omaha may use its power of eminent domain pursuant to the Community Development Law to purchase privately owned real estate and that it may sell such real estate pursuant to that law at its fair value to a religious corporation.
Very truly yours, PAUL L. DOUGLAS Attorney General Harold Mosher Assistant Attorney General